UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
LAFAYETTE DIVISION

| | |
|---|---|
| LAFAYETTE VENETIAN BLIND, INC. ) | |
| ) | |
| Plaintiff, ) | Case No. 4:20-cv-00021-PPS-JEM |
| ) | |
| vs. ) | |
| ) | |
| ) | |
| BLINDS TO GO (U.S.), INC. and BLINDS TO ) | |
| GO, INC., ) | |
| ) | |
| Defendants. ) | |
| ) | |

## DEFENDANTS' MOTION FOR ORAL ARGUMENT

Defendants Blinds To Go (U.S.), Inc. and Blinds To Go, Inc. (collectively, "Defendants"), by their undersigned counsel, and pursuant to Northern District of Indiana Local Rule 7-5, respectfully request that the Court set Defendants' Motion to Compel (Dkt. 44) for oral argument. In support of this request, Defendants state as follows:

As Defendants explain in their Brief in Support of their Motion to Compel (Dkt. 45) and their reply brief (Dkt. 48), despite having served discovery requests on Plaintiff, Lafayette Venetian Blind, Inc. ("LVB") in October of 2020, to date, Defendants *still* have no idea whether LVB has documents responsive to multiple requests for production – or even if LVB has actually performed a search for responsive documents. Even with LVB's response to the motion to compel, instead of stating whether LVB has performed a diligent search for responsive documents and found none, or that it has performed a diligent search for responsive documents and will produce those documents, LVB responds with this barely comprehensible word salad:

> Plaintiff LVB's FRCP 34 responses, which are included with the Rule 16 Motion, show that LVB has agreed to permit inspection of responsive documents identified with reasonable particularity. Plaintiff LVB's statement that "inspection will be

21653634

> permitted" is a response specified by Rule 34. That language is not a certification that responsive documents exist, but rather a consent that responsive documents will be made available for inspection as they are identified. Further, Rule 26(e) contemplates supplemental production of responsive documents as they are located or obtained. Contrary to Defendants' Rule 16 Motion, nothing in Rule 34 obligates the respondent to certify what "responsive documents exist."

(Dkt. 47 at 7.)

Defendants see three possibilities to explain what is going on here:

1. LVB has not performed a diligent search for responsive documents.

2. LVB has performed a diligent search for responsive documents, found none, but will not confirm the lack of documents.

3. LVB performed a diligent search for responsive documents, found documents, but has not produced them.

Under any of these scenarios, LVB has failed to meet its discovery obligations. Importantly, despite filing an eleven-page response to Defendants' Motion to Compel, Defendants are *still* in the dark was to whether or not LVB has responsive documents or has even performed a search for responsive documents.

As a result, oral argument is necessary on Defendants' Motion to Compel so that the Court and Defendants can hear LVB's clarification on what its evasive response to the Motion to Compel actually means. Presumably, LVB will also be able to shed some light on why LVB has failed to produce a single internal document (including emails) responsive to Defendants' requests for production. Defendants estimate that no more than 30 minutes are necessary for oral argument on the Motion to Compel.

WHEREFORE, Defendants respectfully request that the Court set Defendants' to Compel for oral argument, and for all other appropriate relief.

2

Dated: August 4, 2021                        Respectfully submitted,

*/s/ Andrew M. Pendexter*
Barry Werbin, Esq. *(admitted pro hac vice)*
Gabrielle Wilson, Esq. *(admitted pro hac vice)*
Herrick, Feinstein, LLP
2 Park Avenue
New York, N.Y. 10016
Telephone (212) 592-1418
Facsimile (212) 545-3401
bwerbin@herrick.com
gwilson@herrick.com
*Admitted pro hac vice*

Brad Maurer (21730-49)
James Hinshaw, Esq. (16744-49)
Andrew M. Pendexter (30075-53)
Dentons Bingham Greenebaum LLP
2700 Market Tower
10 West Market Street
Indianapolis, IN 46204
Telephone (317) 635-8900
Facsimile (317) 236-9907
Brad.maurer@dentons.com
james.hinshaw@dentons.com
Andrew.pendexter@dentons.com

*Attorneys for Defendants, Blinds To Go (U.S.), Inc. and Blinds To Go, Inc.*

3

**Certificate of Service**

I hereby certify that on August 4, 2021, a copy of the foregoing motion was filed via the Court's electronic filing system, which served copies of the motion on all counsel of record, including William Kealey, Esq.

/s/ Andrew M. Pendexter
Andrew Pendexter